<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JULIAN SANDERS,<br><br>    *Plaintiff,*<br><br>    v.<br><br>VERDE ENERGY,<br><br>    *Defendants.* | Civil Action No. 17-2925<br><br>**ORDER** |

    **THIS MATTER** comes before the Court on Defendant Verde Energy's ("Defendant") Motion to Dismiss, ECF No. 14, Plaintiff Julian Sander's ("Plaintiff") First Amended Complaint ("FAC"), ECF No. 8;

    and it appearing that Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, through repeated calls made to Plaintiff's cellular telephone without Plaintiff's consent;

    and it appearing that Plaintiff is a natural person residing in Newark, New Jersey 07108 and is a "consumer as it is defined by 15 U.S.C. § 1692(a)(3), FAC ¶¶ 5-6 ;

    and it appearing that Defendant is a corporation with its principal place of business located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut 06851, FAC ¶ 7;

    and it appearing that Defendant allegedly began placing repeated calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded voice, FAC ¶¶ 9-12;

and it appearing that Plaintiff alleges the automated calls would "begin with a noticeable delay or silence when Plaintiff answered the telephone before the call either terminated or a representative came onto the line and Plaintiff could speak to someone," FAC ¶ 13;

and it appearing that Defendant's telephone calls were made for telemarketing purposes and not for emergency purposes, FAC ¶ 14;

and it appearing that, on January 30, 2016, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call his cellular telephone number, FAC ¶¶ 15-16;

and it appearing that Defendant ignored Plaintiff's revocation and called his cellular telephone number approximately twenty times after Plaintiff revoked consent on January 30, 2016, FAC ¶ 17;

and it appearing that Plaintiff alleges that Defendant violated the TCPA, FAC ¶¶ 20-26;

and it appearing that Defendant seeks to dismiss the FAC because it fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)[1] and fails to allege facts sufficient to demonstrate Article III standing;

and it appearing that the TCPA provides, in relevant part, that it is unlawful for any person to make any call (1) without the recipient's "prior express consent," and (2) using an automatic telephone dialing system ("ATDS") or a prerecorded voice, 47 U.S.C. § 227(b)(1)(A);

---

[1] In considering a motion under 12(b)(6) or 12(c), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Bayer Chemicals Corp. v. Albermarle Corp., 171 F. App'x 392, 397 (3d Cir. 2006). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss for failure to state a claim if it states a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)

and it appearing that, to state a claim under the TCPA, a plaintiff "must at least describe, in laymen's terms, the facts about the calls or the circumstances surrounding the calls that make it plausible that they were made using an ATDS," Norman v. Sito Mobile Solutions, No. 17-2215, 2017 WL 1330199, at *2 (D.N.J. Apr. 6, 2017) (quoting Baranski v. NCO Fin. Sys., Inc., No. 13-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014));

and it appearing that Plaintiff's FAC alleges that the calls were (1) made after Plaintiff expressly revoked any consent and (2) that the calls would begin with a noticeable delay before Plaintiff would speak to one of Defendant's representatives and were made using an ADTS and/or prerecorded voice, FAC ¶¶ 12-13;

and it further appearing that the Third Circuit has held that even a single prerecorded or autodialed call to a plaintiff's cellular telephone in violation of the TCPA creates an injury in fact sufficient to confer standing under Article III, Sussino v. Work Out World, Inc., 862 F.3d 346, 351-352 (3d Cir. 2017);

therefore, Plaintiff's FAC cannot be dismissed for failure to state a claim or for lack of standing;

**IT IS** on this the 20th day of December, 2017,

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

*/s Madeline Cox Arleo*_____
**Hon. Madeline Cox Arleo**
**United States District Judge**